UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KARTHIK RAMASWAMY, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:14CV971(JCH) |
| | ) |
| SYLVIA MATTHEWS BURWELL, | ) |
| Secretary of the United States Department | ) |
| of Health and Human Services, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on cross-motions for summary judgment filed by Plaintiff Karthik Ramaswamy, (ECF No. 13), and Defendant Sylvia Matthews Burwell, Secretary of the United States Department of Health and Human Services ("HHS").[1] (ECF No. 14). The motions have been fully briefed and are ready for disposition.

## BACKGROUND

*A. Factual Background*

On May 4, 2011, Plaintiff Ramaswamy submitted to Wisconsin Physician Services ("WPS") materials for enrollment in the Medicare program.[2] (Defendant Statement of Material Facts, "DSMF," ECF No. 16, ¶ 1). Because Ramaswamy's initial application was incomplete,[3] WPS contacted Ramaswamy's representative on May 24, 2011 to request a correction of the

---

[1] Secretary Burwell has automatically been substituted in place of former secretary Kathleen Sebelius pursuant to Fed. R. Civ. P. 25(d).
[2] Wisconsin Physician Services is an HHS contractor. (DSMF ¶ 67).
[3] HHS claims that Ramaswamy's May 4 application was missing information such as Ramaswamy's medical license number, the name of the state where his medical license was issued, his DEA number, and the date of expiration of his medical license. (DSMF ¶¶ 69-72). Ramaswamy denies that this information was missing. (Ramaswamy Response to DSMF, ECF No. 18, ¶¶ 69-72).

1

initial application. *Id.* ¶ 3. According to HHS, WPS' records showed no response from Ramaswamy to the May 24 request as of June 29, 2011. *Id.* ¶¶ 8, 79. Based on that alleged lack of response, WPS sent Ramaswamy a letter on June 29, 2011 denying Ramaswamy's application. *Id.* ¶ 79. On May 1, 2012, Ramaswamy requested that WPS reconsider its initial determination to deny his May 4, 2011 enrollment application. *Id.* ¶¶ 28. HHS does not make clear what the result of that request was, but the Administrative Law Judge ("ALJ") and Departmental Appeals Board ("DAB") found it was dismissed as untimely. (ALJ Decision, Record, at 5; DAB Decision, Record at 13; *see also* Record at 792).

Ramaswamy presents a different series of events after his representative received the request for additional materials on May 24, 2011. According to Ramaswamy, his representative responded on May 24 to WPS' request "by submitting via facsimile materials responding to WPS's comments and a Certification Statement (Form CMS-855I Section 15) originally signed by [Ramaswamy] . . . ." (DMSF ¶ 8). Ramaswamy claims to have had no contact with WPS, including the June 29 letter HHS alleges was sent to him, until October 17, 2011. *Id.* ¶¶ 11, 12, 14. On that day, Ramaswamy's representative allegedly made a phone call to "WPS to inquire regarding the status of [his] application and spoke to a WPS customer service representative who . . . informed [Ramaswamy's representative] that all necessary materials had been received and that [Ramaswamy's] enrollment application was in process." *Id.* ¶¶ 12, 13 (internal citations omitted). Ramawamy's representative made another call on December 14, 2011 and was again told Ramaswamy's application was in process. *Id.* ¶ 15. Ramaswamy's representative again called WPS on January 17, 2012 and March 19, 2012. *Id.* ¶ 16. She received no response. *Id.*

Ramaswamy then claims his representative called WPS once more on March 28, 2012 "and was verbally informed by WPS that [Ramaswamy's] application was denied, with a stated

effective date of June 29, 2011." *Id.* ¶ 17. Ramaswamy's representative received a letter confirming the denial on April 3, 2012. *Id.* ¶ 20. Then, as HHS admits, Ramaswamy filed a request for reconsideration of the denial on May 1, 2012. *Id.* ¶¶ 26, 28. According to Ramaswamy, this request was not evaluated in any way. *Id.* ¶ 35.

The remaining facts are undisputed. "On May 15, 2012, Ramaswamy submitted a second signed Medicare supplier enrollment application to HHS." *Id.* ¶ 84. "HHS approved the second enrollment application on July 9, 2012, using an effective billing date of April 21, 2012 . . . ." *Id.* ¶ 87. Ramaswamy then filed with WPS "a request for reconsideration of the enrollment date indicated in WPS's July 9, 2012 letter." *Id.* ¶ 37. WPS returned an unfavorable reconsideration decision, finding that Ramaswamy had not provided reason for a change to the effective billing date. *Id.* ¶ 43. Ramaswamy appealed this decision to an ALJ on November 14, 2012. *Id.* ¶ 45. The ALJ affirmed WPS' decision. *Id.* ¶¶ 51-53, 56. The ALJ's decision was in turn affirmed by the DAB. *Id.* ¶ 58. Ramaswamy filed this case on May 23, 2014 seeking review of the DAB's decision. (Complaint, ECF No. 1).

    *B. The ALJ's Decision*

The ALJ found both that WPS correctly determined the effective date of Ramaswamy's enrollment based on the May 15, 2012 application and that it had no authority to review WPS' dismissal of the request for reconsideration Ramaswamy filed in relation to his May 4, 2011 application. (ALJ Decision, Record at 1-6).

In relation to WPS' determination of Ramaswamy's effective date, the ALJ found:

> WPS determined that the effective billing date or retrospective billing period of Petitioner's benefits was April 21, 2012. WPS indicated that '[t]his effective billing date is based on 30 days prior to the filing date.'
>
> The Secretary's regulations provide that the effective date of enrollment of physicians is 'the later of the **date of filing** of a Medicare

3

enrollment application that was subsequently approved by a Medicare contractor or the date an enrolled physician . . . first began furnishing services at a new practice location.' 42 C.F.R. § 424.520(d) (emphasis added). The 'date of filing' is the date that the Medicare contractor 'receives' a signed provider/supplier enrollment application that the Medicare contractor is able to process to approval. 73 Fed. Reg. 69,726, 69,769 (Nov. 19, 2008); *see also Caroline Lott Douglas, PA*, DAB CR2406, at 5-7 (2011); *Rizwan Sadiq, M.D.*, DAB CR2401, at 5 (2011). Because WPS received a complete, approvable application from [Ramaswamy] on May 21, 2012, WPS properly determined this date as [Ramaswamy's] effective date.

The regulations applicable to this case permit limited retrospective billing for physician services provided to Medicare beneficiaries for up to 30 days before the effective date of enrollment. 42 C.F.R. § 424.521(a). Thus, WPS correctly determined, based on a May 21, 2012 date of filing, that the enrollment effective date is May 21, 2012, and [Ramaswamy] could retrospectively bill for services provided to beneficiaries beginning on April 21, 2012.

(ALJ Decision, Record at 3-4 (ALJ's record citations omitted)). In sum, the ALJ held that WPS had properly applied the correct regulations in determining the start date of Ramaswamy's billing privileges.

The ALJ then found it had no authority to review WPS' decision regarding the reconsideration request Ramaswamy filed in relation to his May 4, 2011 application. It explained the facts and applicable regulations as follows:

[Ramaswamy] submitted a corrective action plan and an initial request for reconsideration of the June 29, 2011 denial determination on May 1, 2012. [Ramaswamy] asserted that he had furnished the requested information in a timely manner and that he had not received a copy of the June 29, 2011 denial letter until April 3, 2012. WPS dismissed [Ramaswamy's] request for reconsideration on May 18, 2012 because it had not been timely submitted and [Ramaswamy] had not shown good cause for the late filing.

A provider or supplier may request reconsideration by filing a request for reconsideration within 60 days from receipt of the notice of initial determination, unless CMS or its agent determines there is 'good cause' for extending the deadline. 42 C.F.R. §§ 498.5(l)(1), 498.22. A supplier 'dissatisfied with a reconsidered determination . . . is entitled to a hearing

4

> before an ALJ.' 42 C.F.R. § 498.5(l)(2). If a supplier does not request and receive reconsideration of an initial determination, then the initial determination is 'binding.' 42 C.F.R. § 498.20(b). Only reconsidered determinations related to the denial or revocation of billing privileges are eligible for ALJ review and I do not have authority to inquire into a Medicare contractor's determination whether there is good cause for the late filing of a request for reconsideration. *Better Health Ambulance*, DAB No. 2475, at 4 (2012); *Denise A. Hardy, D.P.M.,* DAB No. 2464, at 4 (2012); *Hiva Vakil, MD.,* DAB No. 2460, at 5 (2012) (noting that 'the regulations plainly require that CMS or one of its contractors issue a 'reconsidered determination' before the affected party is entitled to request a hearing before an ALJ'). Here, WPS never issued a reconsidered determination concerning the May 4, 2011 applications. Instead, it dismissed [Ramaswamy's] request for reconsideration as untimely. In the absence of a reconsidered determination from WPS, the initial determination became binding and, therefore, administratively final. *See* 42 C.F.R. § 498.20(b). As a result, my review is limited to the applications filed in May 2012, and [Ramaswamy's] earlier applications are not relevant to the decision in this case.

(ALJ decision, Record at 5 (ALJ's record citations omitted)).

*C. The DAB's Decision*

The DAB upheld both of the ALJ's determinations. In affirming the ALJ's determination of Ramaswamy's effective date of enrollment, the DAB found:

> The regulations provide that the effective date of enrollment is the date on which a contractor received an application which it was subsequently able to process to approval. Thus, while the contractor may require and request additional information to complete the application, the effective date will relate back to the date of filing so long as <u>that</u> application continues to be processed to a decision on whether to approve it. The process ends, however, once the application is rejected or denied. 71 Fed. Reg. at 20,759 (enrollment process culminates in 'the granting of billing privileges or denial or rejection of the application'). A later submitted application, therefore, even if then processed to completion, will be approved with the effective date of **its** filing date, not that of any earlier application which the contractor was not able to process to approval.

> [Ramaswamy's] position essentially is that the ALJ should have looked to the date of filing of his 2011 application because [Ramaswamy] was not aware that the processing of that application had culminated in a denial for which he could, within the regulatory time frame, seek reconsideration, and that he provided information that should have made it possible for the

5

contractor to continue processing that application to approval. [Ramaswamy] provided testimony to establish that he did respond to the May 24, 2011 notice from WPS that his application was incomplete and might be denied. He offered a fax transmission notice of the same date to show that he sent the missing information to WPS.

. . .

We agree with the ALJ that [Ramaswamy's] factual allegations are not material. As noted, 42 C.F.R. § 424.520(d) provides that the effective date of a physician's enrollment in Medicare is 'the later of the date of filing of **a Medicare enrollment application that was subsequently approved** by a Medicare contractor or the date an enrolled physician . . . first began furnishing services at a new practice location.' (Emphasis added). Thus, under the plain language of the regulation, neither an ALJ nor the Board may change an effective date to the date of receipt of an earlier application that was denied, because such an application was **not** processed to approval. To the extent that [Ramaswamy] contends that the denial of the earlier application was wrong because he did provide the missing information, the regulations provide a separate channel for review through a timely reconsideration on the denial of that application.

(DAB Decision, Record at 11-12 (DAB's record citations omitted) (emphasis added)).

The DAB also agreed with the ALJ's reasoning regarding the scope of review available when a reconsideration request has been dismissed as untimely. It explained:

[Ramaswamy] argues that, in this case, he could not avail himself of reconsideration because he was not informed of the denial of his original application until almost a year later, despite inquiries, and that his request for reconsideration was not acted on even though it was filed within 60 days of when he actually received the denial. He presented this argument in requesting reconsideration of the denial of his May 2011 application, as noted above, but WPS nevertheless concluded that his request was untimely and that good cause was not shown. [Ramaswamy] contends that WPS improperly dismissed his reconsideration request merely because the contractor 'arbitrarily and capriciously decided not to evaluate' the request rather than because it actually determined that the request was untimely. . . .

Even if we accept as true for purposes of this decision that events occurred as [Ramaswamy] alleges and even if we were to agree with [Ramaswamy] that the decision to dismiss his reconsideration request was ill-founded or improper, we would not conclude that the ALJ erred in applying the effective date regulation.

> The regulations set out which contractor actions and determinations are reviewable. They do not provide for further review from a contractor dismissal of a reconsideration request as untimely. For us to entertain arguments that WPS applied erroneous standards, made erroneous findings, or reached erroneous conclusions in dismissing this reconsideration request would amount to reviewing the dismissal, which we, like the ALJ, have no authority to do. If we could credit such arguments in order to grant the same effective date that would have been available had [Ramaswamy] been determined to have timely sought reconsideration and prevailed on the merits in showing that his first application was complete and approvable, we would effectively have made a nullity of the regulations making final and binding an initial determination that has not been the subject of a reconsidered determination. 42 C.F.R. § 498.20(b).
>
> This conclusion is consistent with the settled case law. In *Better Health Ambulance*, DAB No. 2475 (2012), the supplier (BHA) argued that the contractor should not have dismissed his reconsideration request as untimely because it was addressed to a different company and, hence, had not been received on time. The ALJ found that BHA failed to prove good cause for its late filing. The Board concluded that the ALJ erred in reaching the question of whether there was good cause because a dismissal for untimeliness does not result in a reconsidered determination and is not subject to further review. The Board explained that, if 'a supplier does not request and receive reconsideration of an initial determination, then the initial determination is 'binding.'' DAB No. 2475, at 1 (emphasis added). *See also Haissam Elzaim, M.D.*, DAB No. 2501 (2013) (petitioner has no right to ALJ review of a revocation where he argues that his reconsideration request was improperly dismissed as untimely because the notice went to an old address.); *Denise A. Hardy, D.P.M.*, DAB No. 2464, at 4 (2012); *Hiva Vakil, M.D.*, DAB No. 2460, at 5 (2012) (noting that 'the regulations plainly require that CMS or one of its contractors issue a 'reconsidered determination' before the affected party is entitled to request a hearing before an ALJ').

(DAB Decision, Record at 12-13 (DAB's record citations omitted)).

In his Complaint, Ramaswamy seeks: (1) a declaration "that [HHS'] refusal to recognize May 7, 2011 as [Ramaswamy's] appropriate effective date of Medicare enrollment is not authorized under CMS regulations and guidance and is null and void and of no effect[;]" (2) "an order requiring [HHS] to process [Ramaswamy's] application for Medicare enrollment with an

appropriate effective date of May 7, 2011[;]"[4] and (3) "an order recognizing [Ramaswamy's] right to submit claims for Medicare reimbursement dating back to April 7, 2011 . . . ." (Complaint at 19). Ramaswamy contends he is entitled to summary judgment on these claims. (Ramaswamy MSJ, ECF No. 13). HHS believes it is entitled to a summary judgment denying Ramaswamy's claims on the grounds that the ALJ and DAB decisions were correct. (HHS MSJ, ECF No. 14).

## SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, courts must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law determines "which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment." *Id.*

## DISCUSSION

Ramaswamy contends that WPS' determination of his effective billing date, and the affirmance of that date by the ALJ and DAB, run afoul of the Administrative Procedure Act ("APA"). (Ramaswamy Support Memo, ECF No. 13-3, at 8). Ramaswamy asserts first that WPS violated the APA by applying the wrong standard in dismissing as untimely his request for reconsideration of WPS' denial of his May 4, 2011 application. *Id.* at 10-12. In so acting, WPS failed to review whether Ramaswamy had provided sufficient materials with that application,

---

[4] The effective date of May 7, 2011 would be based on the application Ramaswamy sent on May 4, 2011, which the Court refers to as the May 4, 2011 application. Under 42 C.F.R. § 520(d), the effective date is the "date of filing," which has been interpreted to mean the date on which the HHS contractor receives the application. *Caroline Lott Douglas*, DAB No. CR 2406, 5-7 (2011). According to Ramaswamy, May 7, 2011 was the date on which WPS received the May 4, 2011 application. (DSMF ¶ 2).

which prevented Ramaswamy from obtaining his desired effective billing date of April 7, 2011.[5] *See id.* at 11. He contends further that the ALJ and DAB violated the APA in determining that, under the applicable regulations, they have no authority to review an HHS contractor's dismissal of a reconsideration request. *Id.* at 12-15.

HHS counters that the ALJ and DAB properly determined there is no basis on which to review WPS' dismissal of Ramaswamy's request for reconsideration regarding the denial of his May 4, 2011 application. (HHS Reply, ECF No. 19, at 3-6). It contends this interpretation of the scope of their reviewing authority is entitled to deference. *Id.* at 6. Moreover, any broader interpretation of the scope of the ALJ's and DAB's reviewing authority would be tantamount to a rewriting of the applicable regulations. (HHS Support Memo, ECF No. 15, at 11). Further, substantial evidence supports the ALJ's and DAB's factual findings. *Id.* at 14; (HHS Reply at 6).

The APA requires courts to "hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law [or] (D) without observance of procedure required by law . . . ." 5 U.S.C. §§ 706(2)(A), (D). District courts reviewing agency actions are required to "give substantial deference to an agency's interpretation of its own regulations." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512 (1994). "[T]he agency's interpretation must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Id.* (quoting *Martin v. Occupational Safety and Health Review Comm'n*, 499 U.S. 144, 150-51 (1991)). An agency's factual determinations are reviewed only for substantial evidence. *Greenbrier Nursing and Rehab. Ctr. v. United States Dep't of Health & Human Sev's, Ctrs. for Medicare and Medicaid Sev's*, 686 F.3d 521, 526 (8th Cir. 2012). Thus, a reviewing court may reverse an agency's

---

[5] This billing date would have been established by setting May 7, 2011 as the date of filing under 42 C.F.R. § 424.520(d) and allowing 30 days of retrospective billing pursuant to 42 C.F.R. § 424.521(a).

factual finding only if there is no evidence such "as a reasonable mind might accept as adequate to support a conclusion." *Id* (internal quotation marks omitted). These standards combine to make a district court's review of agency actions a narrow one.

Pursuant to 42 U.S.C. § 1395cc(j)(1)(A)-(B), HHS established a set of regulations with which prospective suppliers must comply to enroll in Medicare. Those regulations set forth, *inter alia*, the procedures for enrollment and certain circumstances under which prospective suppliers may appeal an initial determination made by HHS or an HHS contractor. Physicians may begin billing Medicare on "the later of—(1) The date of filing of a Medicare enrollment application that was subsequently approved by a Medicare contractor; or (2) The date that the supplier first began furnishing services at a new practice location." 42 C.F.R. § 424.520(d). If any prospective supplier is dissatisfied with a contractor's initial determination of his effective billing date, he may file a request for the contractor to reconsider that determination. 42 C.F.R. § 498.22(a). To obtain a reconsideration, the prospective supplier must comply with certain procedures. *Id.* Among other requirements, he must file his request for reconsideration "[w]ithin sixty days from receipt of the notice of initial determination" unless the prospective supplier shows good cause for an extension. § 498.22(b)(3). "The date of receipt will be presumed to be 5 days after the date on the notice unless there is a showing that it was, in fact, received earlier or later." *Id.* "For denial or revocation of enrollment, prospective providers and suppliers . . . have a right to reconsideration." § 498.22(a). If the prospective supplier fails timely to request reconsideration, the initial determination becomes binding. 42 C.F.R. § 498.20(b)(1).

The regulations also provide appeal rights related to supplier enrollment, which are exercised through a four-step process. First, a prospective supplier who is "dissatisfied with an initial determination . . . related to the denial or revocation of Medicare billing privileges may

request reconsideration in accordance with § 498.22(a)." 42 C.F.R. § 498.5(l)(1). Next, if the prospective supplier is "dissatisfied with a reconsidered determination under paragraph (l)(1) of this section, . . . [he is] entitled to a hearing before an ALJ." § 498.5(l)(2). Finally, a prospective supplier who is "dissatisfied with a hearing decision may request Board review, and any . . . prospective supplier . . . has a right to seek judicial review of the Board's decision." § 498.5(l)(3). Ramaswamy's challenge to the determination of his effective billing date focuses on the application and interpretation of these regulations.

Ramaswamy's claims must fail because he has not presented a basis on which the Court can review WPS' actions regarding his May 4, 2011 application. In general, a litigant seeking judicial review of a Medicare determination must first exhaust his administrative remedies. *Heckler v. Ringer,* 466 U.S. 602, 605-606 (1984) (citing 42 U.S.C. § 405(g)).[6] As explained in the preceding paragraphs, the HHS regulations create a system of appellate rights and procedures regarding enrollment determinations. These procedures, as interpreted by the ALJ and DAB, require a reconsidered determination before any review of an HHS contractor's initial determination can occur. Both the ALJ and DAB found that WPS did not issue a reconsidered determination; instead it dismissed Ramaswamy's request as untimely.[7] Ramaswamy has not demonstrated a valid basis on which to avoid the applicable administrative review procedures. *See, e.g.*, *Thorbus v. Bowen*, 848 F.2d 901, 903 (8th Cir. 1988). Thus, Ramaswamy can prevail on the theory that his enrollment date should be changed based on WPS' alleged failures regarding his May 4, 2011 application only if he demonstrates that the ALJ and DAB improperly construed the scope of reviewing authority under the regulations. Otherwise, Ramaswamy did not exhaust his administrative remedies, and the Court may not review WPS' actions.

---

[6] Ramaswamy has brought this case under § 405(g). (Complaint ¶¶ 4, 5).
[7] The factual finding that WPS dismissed Ramaswamy's reconsideration request as untimely is based on substantial evidence. (*See* Record at 792).

11

According to Ramaswamy, the ALJ's and DAB's interpretation is improper. Specifically, Ramaswamy contends that "[a] supplier has a '*right to reconsideration*' to the extent that he 'files a written request . . . *[w]ithin 60 days from receipt* of the notice of initial determination . . . . Because WPS failed to address the merits of [Ramaswamy's] request for reconsideration in its response, WPS effectively denied [Ramaswamy's] right to reconsideration as explicitly required by 42 C.F.R. § 498.22." (Ramaswamy Support Memo at 11 (first alteration in original) (emphasis in original)). Further, by interpreting the regulations as depriving them of the authority to review WPS' actions absent a reconsidered determination, the ALJ and DAB effectively made a nullity of the right to reconsideration established under the regulations. *Id.* at 13-15.

Ramaswamy fails to show that the ALJ's and DAB's interpretation of the applicable regulations is not entitled to deference. The regulations establish a detailed set of procedures for enrollment, which includes procedures to be followed for exercising appeal rights. The ALJ and DAB found that this detailed scheme is exclusive—that if the regulations do not explicitly establish a right to appeal in a particular situation, no right to appeal exists in that situation. While this may not be the only possible interpretation of the regulations and while it may in certain situations be unfair, it is not plainly erroneous or inconsistent with the regulations.

The interpretation provided by Ramaswamy is nothing more than a reasonable alternative. It is certainly possible to read the regulations as creating a right to reconsideration upon compliance with the applicable procedures. It also would be possible, as the dissent to the DAB decision suggested, to read into the regulations an implied authority of the ALJ or DAB to review WPS' dismissal of a reconsideration request. (DAB Dissent, Record at 16-18). A reasonable alternative interpretation is not, however, a basis for a district court to decline to give controlling weight to an agency's interpretation of its own regulations. There is therefore no

basis on which to review WPS' initial determination regarding Ramaswamy's May 4, 2011 enrollment application, and Ramaswamy's attempt to establish an effective billing date of April 7, 2011 must fail.[8]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Karthik Ramaswamy's Motion for Summary Judgment, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Sylvia Matthews Burwell's Motion for Summary Judgment, (ECF No. 14), is **GRANTED**, and Ramaswamy's Complaint, (ECF No. 1), is **DISMISSED WITH PREJUDICE**. A separate judgment will accompany this Memorandum and Order.

Dated this 6th day of January, 2015.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[8] Ramaswamy presents another argument for the first time in his Reply: that, under the regulations, the review of his May 2012 application should have included a review of whether he filed sufficient materials in May 2011 for WPS to accept that earlier application. (Ramaswamy Reply, ECF No. 17, at 7). As with Ramaswamy's argument related to the ALJ's and DAB's scope of review, this argument is based on nothing more than an alternative reading of the enrollment regulations. (*See* DAB Decision, Record at 11-12).